UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 15-011-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TERRY FIELDS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Terry Fields pleaded guilty to conspiracy to distribute a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 846 on January 29, 2016. [Record No. 47] He is currently serving a term of imprisonment of 170 months at Elkton FCI. Fields' current projected release date is February 20, 2028. [Record No. 258]¹ Fields has now filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). [Record No. 499] He argues that, despite his being fully vaccinated, COVID-19 presents a serious risk to his health due to his underlying medical conditions. [*Id.*] The motion will be denied because Fields has not demonstrated that extraordinary and compelling reasons justify release or that the relevant sentencing factors support a sentence reduction.

District courts have the discretion to reduce a sentence previously imposed if "three substantive requirements" are satisfied. 18 U.S.C. § 3582(c)(1)(A); *United States v. Ruffin*,

---

¹ [*See also* Record No. 499-2; *Find an Inmate*, FEDERAL BUREAU OF PRISONS, http://www.bop.gov/inmateloc/ (last visited May 27, 2021).]

978 F.3d 1000, 1004 (6th Cir. 2020).[2] But "district courts need not consider" one requirement—consistency with the applicable policy statements—when an inmate files the motion for compassionate release. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Accordingly, "district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable [18 U.S.C.] § 3553(a) factors warrant such a reduction." *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *Ruffin*, 978 F.3d at 1006–07). An inmate's motion may be denied if the Court "finds either that no extraordinary and compelling reasons exist or that the § 3553(a) factors weigh against release." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing *Elias*, 984 F.3d at 519).

### A. Extraordinary and Compelling Reasons

The Court "ha[s] discretion to define 'extraordinary and compelling' on [its] own initiative." *Elias*, 984 F.3d at 519–20. In doing so, it is no longer constrained by the policy statement's definitions of "extraordinary and compelling reasons." *Jones*, 980 F.3d at 1109. However, the Court may "permissively consider those [definitions] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release." *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). Here, because Fields raises medical

---

[2] A prisoner may file a motion for a sentence reduction "after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier." *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Fields requested compassionate release from his warden on February 10, 2021, and he has received no response. [Record No. 499-1]

concerns, the Court is guided by the policy statement's useful framework. *United States v. Abney*, 2020 WL 7497380, at *2 (E.D. Ky. Dec. 21, 2020).

The policy statements place medical conditions warranting a sentence reduction into two categories: terminal illnesses or serious physical, medical, and mental conditions which prevent the prisoner from providing self-care within a prison. *See* U.S.S.G. § 1B1.13 cmt. n.1. Both circumstances require a prisoner to "demonstrate a medical condition so serious that it cannot be adequately addressed in BOP custody." *Abney*, 2020 WL 7497380, at *2. The Court adopts this definition here.

Fields cites four medical conditions, each confirmed by medical records from a February 2021 encounter: coalworker's pneumoconiosis ("black lung disease"), chronic obstructive pulmonary disease ("COPD"), pulmonary fibrosis, and hypertension. [Record No. 499-3, p. 6] He also acknowledges that he is fully vaccinated for COVID-19. [Record No. 499, pp. 4, 7] However, Fields argues that "the vaccine mitigates the virus" but "does not prevent it," so the combination of his conditions and the risk of COVID-19 justify release.[3] [*Id.* at 7]

Fields has cited to no evidence to support the conclusion that he remains at high risk for serious illness resulting from COVID-19 after receiving a vaccination. Rather, guidance

---

[3] He supports his claim by citing reports of nine COVID-19 cases occurring in fully vaccinated members of the New York Yankees. [Record No. 499, p. 7] Given that "eight of those nine cases were asymptomatic" and none "ended up severely ill or in need of hospitalization," this anecdote may actually cut against Fields' argument. Keri Enriquez, *New York Yankees' Breakthrough Infections Demonstrate the Covid-19 Vaccine Works. Here's Why*, CNN (May 21, 2021, 6:26 AM), https://www.cnn.com/2021/05/20/health/yankees-covid-19-breakthrough-infections/index.html.

from the Centers for Disease Control and Prevention (which Fields relies on elsewhere in his motion) suggests that individuals with underlying medical conditions should "be fully vaccinated against COVID-19 as soon as a vaccine becomes available to them."[4] In short, the Court will not cast doubt on the consensus that "COVID-19 vaccines work in real-world conditions"[5] unless presented with evidence to the contrary.

Without any evidence that his documented conditions are not manageable in prison, Fields relies only on "speculation" about whether he "will contract COVID-19, and whether he will develop serious complications." *United States v. Shah*, No. 16-20457, 2020 U.S. Dist. LEXIS 73313, at *4–5 (E.D. Mich. April 22, 2020). But even if he were not vaccinated or could prove that vaccination is not as effective as the current evidence indicates, that speculation "does not justify the extreme remedy" Fields seeks. *Id.* Accordingly, he has not demonstrated that extraordinary and compelling reasons support a sentence reduction.

### B. Section 3553(a) Factors

The sentencing factors in 18 U.S.C. § 3553(a) also weigh against a sentence reduction. Fields argues that COVID-19 makes his sentence more severe than the one contemplated at sentencing and his physical conditions limit his ability to commit further crimes or harm the public. [Record No. 499, pp. 8–10] He also suggests that further educational and vocational

---

[4] *Underlying Medical Conditions Associated with High Risk for Severe COVID-19: Information for Healthcare Providers*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (last updated May 13, 2021).

[5] *COVID-19 Vaccine Work*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last updated May 20, 2021).

training in the Bureau of Prisons are not important due to his age and disability. [*Id.* at 10–11] However, Fields fails to address three factors weighed heavily by the Court at sentencing: the seriousness of his offense, his "pattern of engaging in criminal activity over a very long period of time," and the need to deter the defendant and others from committing serious drug offenses. [Record Nos. 273, 275]   He was ultimately held responsible for the sale of between 300 and 400 grams of cocaine as part of the large distribution conspiracy.  The seriousness of this offense, combined with his criminal history and the need for general deterrence, continue to support the original sentence under the Section 3553(a) factors.

Accordingly, it is hereby

**ORDERED** that Defendant Fields's motion for a sentence reduction [Record No. 499] is **DENIED**.

Dated: May 27, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky